### STATE OF CONNECTICUT *v.* MICHAEL P. MASSARIA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-9983

Argued July 1—decided October 7, 1963

*John A. Arcudi,* of Bridgeport, for the appellant (defendant).

*Wilfred J. Rodie,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. The defendant was convicted in a trial to the court of violating § 14-215 of the General Statutes, which prohibits a person from operating a motor vehicle while his license so to do is under suspension. The facts, as to which there is no dispute, may be summarized as follows: The defendant, several weeks prior to April 27, 1962, was involved in an automobile accident; as a result, he was notified by the state motor vehicle department to file a security bond or furnish a release from the party or parties involved and that such bond or release was mandatory. The defendant failed to file

such a bond or furnish such a release. On Friday, April 27, 1962, the motor vehicle department suspended the defendant's right to operate and on that date mailed to him at his correct address a notice of suspension. On Sunday, April 29, 1962, the defendant operated a motor vehicle in the town of Fairfield and was arrested for operating it while his license was under suspension. On Monday, April 30, 1962, he received the notice of suspension.

The sole question on this appeal is whether the defendant's license was validly under suspension on April 29, 1962. Our statutes relating to motor vehicles give the commissioner of motor vehicles broad discretionary power to suspend or revoke the right of any person to operate a motor vehicle in this state "for any cause that he deems sufficient, with or without a hearing," and require mandatory suspension on conviction of certain specified violations of motor vehicle laws. § 14-111. "No service of process shall be necessary in connection with any of the prescribed activities of the commissioner, but a notice forwarded by registered or certified mail to the address of the person registered as . . . operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice to such person that the . . . operator's license is . . . under suspension." Ibid.

In 1951, the General Assembly enacted the so-called financial responsibility law. Public Acts 1951, No. 179; as amended, General Statutes §§ 14-113—14-133. "The purpose of the legislature in enacting the financial responsibility provisions of the motor vehicle law was to keep off our highways the financially irresponsible owner or operator of any automobile who cannot respond in damages for the injuries he may inflict, and to require him, as a condition for securing or retaining a registra-

tion or operator's license, to furnish adequate means of satisfying possible claims against him." *Dempsey* v. *Tynan,* 143 Conn. 202, 208. Under the provisions of this law, the commissioner of motor vehicles is directed to suspend the licenses of the operator and owner of a motor vehicle involved in a reportable accident, if they come within the statute, unless they deposit with the commissioner security in an amount determined by him or file with him evidence of release from liability or of a judgment of nonliability, "provided notice of such suspension shall be sent by the commissioner to such operator and owner not less than ten days prior to the effective date of such suspension, which notice shall state the amount required as security." § 14-117. It is noted that the notice provided for in § 14-117 is contained in a proviso introduced by the word "provided," which follows the requirement that the commissioner suspend the license unless the licensee complies with security deposit provisions. A proviso is a "clause making what precedes conditional on what follows; a provision or article in a statute, contract or other writing, by which a condition is introduced; a conditional stipulation that affects an agreement, law, grant, etc." Century Dictionary. The word "provided," in common speech "naturally expresses a qualification, a limitation, a condition, or an exception respecting the scope and operation of words previously used. Although a proviso in statutes, contracts or wills not infrequently introduces new or independent matter, its true office and its general purpose is to restrict the sense or make clear the meaning of that which has gone before." *Attorney General* v. *Methuen,* 236 Mass. 564, 573; see also *Knight* v. *Chicago Corporation,* 144 Tex. 98, 104. The purpose of the ten-day notice is to give the licensee the opportunity of saving his license by depositing security before the

effective date of the suspension. The language of § 14-117 clearly shows that "provided" is used in its natural sense and for its true purpose. The words of the statute are of condition and restriction and express a limitation on the suspension provisions immediately preceding it. The giving of such ten-day notice is a prerequisite to the suspension of license under the financial responsibility law.

Although the defendant directs his main attack upon the trial court's conclusion that proof of actual receipt of the notice of suspension was not required to convict him of a violation of § 14-215, where he had prior knowledge that his license would be suspended if he did not comply with the security deposit requirements of the financial responsibility law, he also makes the point in his brief and argument that the suspension was invalid because of noncompliance with the provisions as to notice in § 14-117. Although the defendant received a communication from the motor vehicle department notifying him to file a bond or a release, there is no evidence, nor did the court find, that such communication was the ten-day notice of suspension required by § 14-117 or that such a notice was sent to him. The only evidence as to suspension and notice thereof was, and the court so found, that the defendant's license was suspended on April 27, 1962, and on that day notice of the suspension was mailed to him. The state has failed to prove compliance by the commissioner of motor vehicles with the requirements of § 14-117, which are a prerequisite to a valid suspension of license.

The view which we have taken of this case makes it unnecessary to consider the defendant's claim that receipt of the notice of suspension is essential.

There is error, the judgment is set aside and the case is remanded with direction to render judgment

that the defendant is not guilty and ordering that he be discharged.

In this opinion JACOBS and KINMONTH, Js., concurred.